"O"

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAHA NAZZAL, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL J. ASTRUE, COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, <br><br> Defendant. | Case No. CV 06-6472 AN <br><br> ORDER AFFIRMING DECISION OF COMMISSIONER |

The Court now rules as follows with respect to the one disputed issue in the Joint Stipulation ("JS").[1]

Plaintiff principally contends a reversal is warranted because the Administrative Law Judge ("ALJ") "did not offer a single reason for rejecting" the opinion expressed by Dr. Rodney Bluestone, an examining physician. [JS at 4:9-9:17.] However, the Court finds this argument, as well as Plaintiff's reply contentions, lack merit for the reasons set forth in the Commissioner's opposing contentions at pages 13:11-17:9 of the JS. The ALJ expressly considered Dr. Bluestone's final opinion dated January 9, 2003, along with the other medical evidence. The ALJ's decision also evidences that he gave more weight

---

[1] Both parties have consented to proceed before the undersigned Magistrate Judge. In accordance with the Court's Case Management Order, the parties have filed the JS and seek a dispositive order regarding the disputed issues set forth in the JS. The Court's decision is based upon the pleadings, the Administrative Record ("AR"), and the JS.

Page 1

to the opinions expressed by the consulting physicians who found Dr. Bluestone's opinion was not persuasive because it was solely based upon Plaintiff's subjective complaints. [AR at 23.] This was a specific and legitimate reason for giving less weight to Dr. Bluestone's opinion. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999) ("A physician's opinion of disability 'premised to a large extent upon the claimant's own accounts of [her] symptoms and limitations' may be disregarded where those complaints have been 'properly discounted.'"). The ALJ also met his burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretations thereof, and making findings. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). Further, the ALJ's decision reflects that he also discounted Dr. Bluestone's opinion because Dr. Bluestone found Plaintiff's subjective pain complaints were "of a minimal to slight degree on an intermittent to frequent basis," and still left her with a residual functional capacity for "low stress, semi-sedentary to light level work." [AR at 22.] Plaintiff ignores this critical finding that also supports the ALJ's decision. Finally, the Court observes that Plaintiff does not challenge the fact that the ALJ gave clear and convincing reasons for finding Plaintiff's "statements concerning the intensity, duration and limiting effects of her symptoms are not credible." [AR at 23.]

  IT IS THEREFORE ORDERED that judgment be entered affirming the Commissioner's final decision, and dismissing this action with prejudice.

DATED: August 23, 2007

ARTHUR NAKAZATO
ARTHUR NAKAZATO
UNITED STATES MAGISTRATE JUDGE